**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     EMORY E. HACKMAN, JR. | ) | Case No. 10-17176-BFK |
| | ) | Chapter 11 |
|                   Debtor | ) | |
| | ) | |
| | ) | |
| EMORY E. HACKMAN, *et al.* | ) | |
|                 Plaintiffs | ) | |
| vs | ) | Adversary Proceeding |
| | ) | No. 11-01689-BFK |
| FOUNTAIN GROUP COMPANIES OF | ) | |
| UTAH, INC., *et al.* | ) | |
|                 Defendants | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiffs' Motion for Default Judgment against Defendants Walter Ross, Ross Pacific Trading Company ("Ross Pacific"), Edmund E. Wilson and Fountain Group Companies of Utah, Inc. ("Fountain Group"). Docket No. 69. The Court conducted a default judgment hearing on December 14, 2012. Mr. Hackman, Esquire, was present and represented himself and Gainesville Commerce Center, LLC. Mr. Werblood, Esquire, represented a co-Plaintiff, the Mary Cook Hackman Arlington Trust. For the reasons stated below, the Court will recommend that default judgment be entered against Defendants Ross Pacific, Walter Ross and Fountain Group.[1]

---

[1] This adversary proceeding originally was filed as a Complaint in the U.S. District Court for the Eastern District of Virginia, styled *Gainesville Commerce Center, LLC, et al. v. Fountain Group Companies of Utah, Inc., et al.*, Civil No. 1:11-cv-1154. On December 16, 2011, the District Court referred the matter to this Court. Civil No. 1:11-cv-1154, Docket No. 7.

## I.     Subject Matter Jurisdiction and 28 U.S.C. § 157(c)(1).

This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District of August 15, 1984.  This is a non-core, or related proceeding, as it involves the collection of pre-petition debts owed to the Debtor, which is to say, claims that do not depend on the bankruptcy for their existence and that could have been brought in a non-bankruptcy forum absent the bankruptcy filing.  All of the Plaintiffs' claims arise out of a pre-petition scheme to defraud them, the ostensible purpose of which was the development and construction of a commercial shopping center in Gainesville, Virginia.  Accordingly, the Plaintiffs' claims are non-core claims. *Humboldt Express, Inc. v. The Wise Co. (In re Apex Express Corp.),* 190 F.3d 624, 632 (4th Cir. 1999); *In re Bay Vista of Va., Inc.,* 394 B.R. 820 (Bankr. E.D. Va. 2008).

This adversary proceeding can be profitably compared with the case of *McCarthy v. Wells Fargo Bank, N.A. (In re El–Atari),* 1:11-cv-1090 LMB/IDD, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011).  In *McCarthy*, District Judge Brinkema denied Wells Fargo's motion to withdraw the reference to the District Court, even though under *Stern v. Marshall* and *Granfinanciera* the bankruptcy court lacked the ability to enter final orders for money judgments that augmented the estate.  *In re El-Atari*, 2011 WL 5828013 at *2 (citing *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011) and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)).  The Trustee's claims in *McCarthy* were core proceedings under 28 U.S.C. § 157(b) and 11 U.S.C. § 548, but over which an Article I Bankruptcy Judge lacked the power to enter a final, money judgment.  *Id.*  This case, on the other hand, involves exclusively non-core claims.  The principle, however, is the same—absent the consent of the parties (which the Court is unwilling

to infer in a default situation),[2] the Court is statutorily required to make a report and recommendation to the District Court, as opposed to entering a final judgment against the Defendants. 28 U.S.C. § 157(c)(1).[3]

Accordingly, the Court will enter this Report and Recommendation, and a related Order, rather than a final, money judgment, against the Defendants.

## II. The Plaintiffs.

The Plaintiffs in this adversary proceeding are Mr. Hackman, Gainesville Commerce Center, LLC, and the Mary Cook Hackman Arlington Trust. The three Plaintiffs advised the Court at the hearing that they were seeking a single judgment against the Defendants. The Plaintiffs made no effort to identify which among them was the source of any of the advances of funds to the Defendants. For these reasons, the Court will recommend the entry of a single judgment in favor of the Plaintiffs and against the Defendants.

---

[2] The contours of the consent doctrine in this area of the law are not well defined. It appears to the Court that something more than just not showing up is required. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833 (1986) ("Schor indisputably waived any right he may have possessed to the full trial of Conti's counterclaim before an Article III court. Schor expressly demanded that Conti proceed on its counterclaim in the reparations proceeding rather than before the District Court . . . and was content to have the entire dispute settled in the forum he had selected until the ALJ ruled against him on all counts; it was only after the ALJ rendered a decision to which he objected that Schor raised any challenge to the CFTC's consideration of Conti's counterclaim"); *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011) ("Given Pierce's course of conduct before the Bankruptcy Court, we conclude that he consented to that court's resolution of his defamation claim (and forfeited any argument to the contrary)"); *In re Bellingham Ins. Agency, Inc.*, __ F.3d __, 2012 WL 6013836 (9th Cir. 2012) ("EBIA did not raise a constitutional objection to the bankruptcy court's entry of final judgment in favor of the Trustee until after the briefing in this appeal was complete, when it filed a motion to vacate the bankruptcy court's judgment on the eve of oral argument. Because EBIA waited so long to object, and in light of its litigation tactics, we have little difficulty concluding that EBIA impliedly consented to the bankruptcy court's jurisdiction."); *Moyer, Trustee v. Koloseik (In re Sutton)*, 470 B.R. 462 (W.D. Mich. 2012) ("Waiver is in fact synonymous with consent. It ordinarily means 'an intentional relinquishment or abandonment of a known right or privilege.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))). *But see In re Oldco M Corp.*, 2012 WL 6625324 (Bankr. S.D. N.Y. 2012) (finding implied consent in default judgment situation).

[3] In *McCarthy*, Wells Fargo renewed its Motion to Withdraw the Reference in the District Court. It was denied for a second time by Judge Hilton. *McCarthy v. Wells Fargo Bank, N.A. (In re el-Atari)*, 2012 WL 6020110 (E.D. Va. 2012).

### III.  Personal Jurisdiction Over the Defendants.

The Plaintiffs have advised the Court that Defendant *Edmund E. Wilson* has filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code in Utah.  Accordingly, the case is stayed as against Mr. Wilson by virtue of Section 362(a) of the Bankruptcy Code.  11 U.S.C. § 362(a).[4]

Pursuant to Bankruptcy Rule 7054 (incorporating Fed. R. Civ. P. 54(b)), the Court finds that there is no just reason for a delay, and will recommend that the entry of judgment against the remaining Defendants be final, notwithstanding the fact that the Plaintiffs' claims against Mr. Wilson remain pending.

The Court has reviewed the service of process on the remaining Defendants, and finds that service of process was sufficient under the Bankruptcy Rules in each case.  Specifically:

(a) With respect to Defendant *Fountain Group Companies of Utah, Inc.*, the Court finds that there has been service of process in accordance with Bankruptcy Rule 7004(b)(3), in that the Summons and Complaint were mailed to Fountain Group Companies of Utah, care of its Chief Executive Officer (CEO), Mr. Wilson, on February 8, 2012.  Pl. Ex. 65, p. 16.

(b) With respect to Defendant *Walter Ross*, the Court finds that Mr. Ross was served with a copy of the Summons and Complaint by first class mail on February 8, 2012, in accordance with Bankruptcy Rule 7004(a)(1).  Pl. Ex. 68, p. 14.[5]

---

[4]  A fifth Defendant, Mr. Cy Shaffer, has settled with the Plaintiffs pursuant to a Court-approved Settlement Agreement and has been dismissed as a Defendant from this adversary proceeding.  Docket Nos. 88, 94.

[5]  Mr. Hackman also has submitted a Servicemember's Civil Relief Act (SCRA) Affidavit in accordance with 50 App. U.S.C. § 521(b)(1)(A), stating that Mr. Ross is not in the military service of the United States.  Pl. Ex. 62, pp. 5-6.

    (c) With respect to *Ross Pacific Trading Company*, the Court finds that Ross Pacific was served by first class mail, postage prepaid, on February 8, 2012, in accordance with Bankruptcy Rule 7004(b)(3). Pl. Ex. 67, p. 15.

Finally, although Defendants who are in default generally are not entitled to any further notices in the case (Bankruptcy Rule 7005 (incorporating Fed. R. Civ. P. 5(a)(2))), the Court finds that the Defendants were mailed copies of the Court's Order Continuing Motion for Default Judgment, Granting Continuance and Denying Motion to File Late Answer (Docket No. 75) and Corrected Order Continuing Motion for Default Judgment, Granting Continuance and Denying Motion to File Late Answer (Docket No. 76), discussed below, both of which contained the date and time of the default judgment hearing of December 14, 2012, in bold type. For this reason, the Court finds that the Defendants had actual notice of the continued default judgment hearing.[6]

### IV. Mr. Ross's Motion for a Continuance of the Default Judgment Hearing Will be Denied.

This matter originally was set for a default judgment hearing on September 5, 2012. On August 28, 2012, Mr. Ross filed a Motion to continue the default judgment hearing, citing health reasons. Docket No. 71. Mr. Ross's Motion for a continuance cited health reasons only, and did not proffer that he had any meritorious defense to liability on the claims asserted against him by the Plaintiffs.[7] The Court held a telephonic hearing on September 4, 2012, in which Mr. Ross and Mr. Shaffer participated (as well as Mr. Hackman). The Court granted the Motion to

---

[6] Further, Mr. Ross was on the telephone conference call with the Court on September 4, 2012, in which the Court continued the hearing to the December 14th date, discussed in Part IV, below. The Court apprised Mr. Ross of the continued hearing date during that call.

[7] Mr. Schaffer also filed a Motion to Approve Relief from Entry of Default, Leave to File an Answer to Complaint & Request for an Order to Vacate the Hearing for Default Judgment (Docket No. 72), which the Court denied. As noted above, the Plaintiffs have settled with Mr. Schaffer.

Continue, and set the matter for a hearing on December 14, 2012. Docket Nos. 75-76. The Court allowed the Defendants discovery as to damages only, through November 30, 2012.

On the evening before the continued default judgment hearing, Mr. Ross faxed to the Court a second request for a continuance, again citing health reasons. His request was supported by a doctor's note, indicating that he was "unable to fly currently because of his health issues." Docket No. 91, p. 3. Mr. Ross has already had one continuance of the default judgment hearing. His request for a second continuance contains neither a meritorious defense, nor any objections to the Plaintiffs' claimed damages, despite the fact that the Court allowed three months of additional discovery on the damages issue. Mr. Ross's doctor indicates that he is unable to fly, but it does not indicate that he is unable to travel by other means (bus, train, or automobile). Further, although the Court is sympathetic to Mr. Ross's health issues, there is no indication from his physician when he might be able to make it to Alexandria, Virginia, for a hearing in this matter. For these reasons, the Court will deny Mr. Ross's request for a second continuance.

**V.     The Plaintiffs' Damages.**

The Plaintiffs' damages are set forth at Plaintiff's Exhibit 60. In addition to the Plaintiffs' actual damages, the Plaintiffs claim punitive damages. Further, the Plaintiffs claim compound interest, at the rate of 6% per month. These items of claimed damages each are addressed below.

*A. Actual Damages.*

Having reviewed the Exhibits and having heard Mr. Hackman's testimony in support of the Plaintiffs' claims, the Court finds that the Plaintiffs are entitled to damages of **$677,000.00,** this being the sum of the actual loan advances made in connection with the real estate investment scheme at issue in the case. The balance of the Plaintiffs' claimed damages, the Court finds,

were not within the contemplation of the parties at the outset of the transaction and, therefore, are not recoverable. *Sandbeck v. Reyes,* 2012 WL 928704 (E.D. Va. 2012) ("'[c]onsequential damages arise from the intervention of special circumstances not ordinarily predictable and are compensable only if it is determined that the special circumstances were within the contemplation of the parties to the contract.'" (quoting *R.K. Chevrolet, Inc. v. Hayden*, 253 Va. 50, 56, (1997))); *Banker Steel Co., LLC v. Hercules Bolt Co., Inc.*, 2011 WL 1752224 (W.D. Va. 2011). For example, amounts that the Plaintiffs have paid or are obligated to pay on the first and second trust liens on the residence in Arlington ($711,233 and $316,556, respectively), against which they borrowed, are consequential damages not within the contemplation of the parties. Similarly, the anticipated loss on the sale of the home (which has not yet been sold) ($420,000) is not a recoverable item of damages in this case. The Court will recommend that the Plaintiffs' "Net Loss loan payments, sale of assets and portfolio losses" in the amount of $539,282, not be allowed as damages in this case.

The Plaintiffs have stated claims under RICO (18 U.S.C. § 1961, *et seq*.), and the Virginia Business Conspiracy Act (Va. Code §§ 18.2-499 and 500), both of which provide for treble damages. Accordingly, the Court recommends that the Plaintiffs' damages be trebled, to **$2,031,000.00.**

    *B. Punitive Damages.*

The Plaintiffs claim punitive damages. Docket No. 1, p. 20, Count XVI (Exemplary Damages). First, Count XVI of the Complaint is stated as against Defendant Edmund Wilson only, and not against the other Defendants. As noted above, Mr. Wilson is in bankruptcy and the action is stayed as to him.

The Plaintiffs argued at the default judgment hearing that they were entitled to punitive damages against Mr. Wilson's company, Fountain Group. However, the Complaint did not state a claim for punitive damages against Fountain Group. *RitLabs, S.R.L. v. RitLabs, Inc.,* 2012 WL 6021328, n.5 (E.D. Va. 2012) ("Defendants must be on notice that punitive damages will be sought." (quoting *Francis v. Woody*, 2009 WL 1442015, at * 12 (E.D.Va. 2009))).

Further, the Court finds that, having recommended treble damages under RICO and the Virginia Business Conspiracy Act, the function of punitive damages, to punish, has already been served. *See SouthStar Funding, LLC v. Sprouse,* 2007 WL 812174 (W.D. N.C. 2007) ("'The prevailing view is that punitive damages are not available [under civil RICO] because the treble damages provisions of the RICO statute are punitive in nature.'" (quoting *Toucheque v. Price Bros. Co.,* 5 F. Supp. 2d 341, 350 (D. Md. 1998))).

For the foregoing reasons, the Court recommends that the Plaintiffs' request for punitive damages be denied.

*C. Compound Interest.*

Finally, the Loan Settlement Agreement provides for interest at the rate of 6% per month. Pl. Ex. 11, ¶¶ 2(D), 21. The Agreement does not have a choice of law provision, other than Section 15, which provides: "This Agreement shall be construed, interpreted and enforced in accordance with the laws of the United States of America." Because the loans were funded from the Plaintiff's bank accounts in Virginia, and were, ostensibly at least, for a real estate project in Virginia (the Gainesville Commerce Center), the Court will apply the law of the Commonwealth of Virginia. *Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700, 713 (E.D. Va. 2009) (adopting Virginia's choice of law rule, the place of the wrong, to tort action).

Under Virginia law, compound interest is allowable only where the contract expressly provides. *Cunningham v. Johnson*, 241 Fed. Appx. 913, 916 (4th Cir. 2007); *Blanchard v. Dominion Nat'l Bank,* 130 Va. 633, 634 (1921). In this case, the Agreement does not provide for compound interest. Accordingly, it is recommended that the Plaintiffs' request for compound interest be denied.

The Agreement does provide for simple interest at the rate of 6% *per month*. Virginia law provides for pre-judgment interest on contract claims. Va. Code § 8.01-382. Accordingly, the Court will recommend the entry of a final judgment, with interest at the rate of **72%** per year, on the following amounts and from the following dates (again, using Plaintiffs' Exhibit 60), through the date of the entry of the final Judgment Order by the District Court:

| | |
|---|---|
| $150,000 | 3/1/2008 |
| $300,000 | 3/1/2008 |
| $30,000 | 4/24/2008 |
| $15,000 | 8/1/2008 |
| $50,000 | 8/12/2008 |
| $110,000 | 9/17/2008 |
| $8,000 | 9/26/2008 |
| $5,000 | 10/14/2008 |
| $5,000 | 10/24/2008 |
| $4,000 | 11/18/2008 |

Post-judgment interest will accrue on the judgment amount of $2,031,000.00 (but not on the pre-judgment interest amounts) at the federal judgment rate from the date of the entry of the final Judgment Order, until paid. 28 U.S.C. § 1961.

## Conclusion

For the foregoing reasons, the Court **recommends** entry of a final judgment in favor of the Plaintiffs and against Defendants—Fountain Group Companies of Utah, Inc., Walter Ross and Ross Pacific Trading Company—jointly and severally, as follows:

A. $2,031,000.00, with pre-judgment, simple interest at the rate of 72% per annum on the following amounts, from the following dates, through the entry of a final Judgment Order:

| | |
|---|---|
| $150,000 | 3/1/2008 |
| $300,000 | 3/1/2008 |
| $30,000 | 4/24/2008 |
| $15,000 | 8/1/2008 |
| $50,000 | 8/12/2008 |
| $110,000 | 9/17/2008 |
| $8,000 | 9/26/2008 |
| $5,000 | 10/14/2008 |
| $5,000 | 10/24/2008 |
| $4,000 | 11/18/2008 |

B. Post-judgment simple interest will accrue on the judgment amount of $2,031,000.00 (but not on the pre-judgment interest amounts) at the federal judgment rate from the date of the entry of the final Judgment Order, until paid, pursuant to 28 U.S.C. § 1961.

C. The Plaintiffs' request for punitive damages be denied.

D.  Pursuant to Bankruptcy Rule 7054 (incorporating Fed. R. Civ. P. 54(b)), the Court finds that there is no just reason for a delay, and recommends the entry of a judgment against the Defendants be final, notwithstanding the fact that the Plaintiffs' claims against Mr. Wilson remain pending.

E.  The Defendants are notified that Rule 9033(b) provides as follows:

**Objections: Time for Filing. Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all the parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.**

A separate Order incorporating the foregoing recommendations shall issue.


Dated: _____          _____
                                          Brian F. Kenney
                                          United States Bankruptcy Judge



Copies to:

Emory E. Hackman, Jr., Esquire
P. O. Drawer 6805
McLean, VA 22106-6805
Plaintiff

Mark F. Werblood, Esquire
Tesler & Werblood
113 Rowell Court
Falls Church, VA 22046
Counsel for Plaintiff

Fountain Group of Companies of Utah, Inc.
ATTN: Ed Wilson, CEO
1297 West Baneberry Drive
St. George, UT 84790
Defendant

Edmund E. Wilson
1297 West Baneberry Drive
St. George, UT 84790
Defendant, *pro se*

Ross Pacific Trading Company
ATTN: Walter Ross, Officer/Director
28421 Avenida La Paz, Apartment 1
Cathedral City, CA 92234
Defendant

Walter Ross
28421 Avenida La Paz, Apartment 1
Cathedral City, CA 92234
Defendant, *pro se*

H. Cy Schaffer
P.O. Box 6362
Beverly Hills, CA 90212
Defendant, *pro se*